# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:19-cr-251-21 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| DEMARCO CLAYTON, ) | |
| ) | |
| DEFENDANT. ) | |

On February 28, 2020, defendant Demarco Clayton ("Clayton" or "defendant") was sentenced to a custody term of 102 months, with credit for time served, following his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. No. 556 (Judgment); *see* Minutes of Proceedings [non-document], 2/28/2020; Doc. No. 397 (Plea Agreement) Now before the Court is Clayton's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 831 (Motion).) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 832 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Clayton "states that he qualifies for the one-point reduction under [the] amended guidelines" relating to status points. (Doc. No. 831, at 1.) He requests that the Court "grant him the one-point reduction and accordingly re-sentence him." (*Id*.) The government opposes the motion because Clayton was determined to be a career offender, for which Amendment 821 is inapplicable. (Doc. No. 832 at 1–2.)

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court determined Clayton's base offense level to be 24. (*See* Doc. No. 580 (Transcript from Sentencing Hearing), at 6; *see also* Doc. No. 525 (Final PSR), at 11 ¶ 32.) The Court, however, also determined Clayton to be a career offender, making his base offense level 34. (*See* Doc. No. 580, at 7; *see also* Doc. No. 525, at 12 ¶ 48.) A three-level deduction was applied for acceptance of responsibility, making the total offense level 31. (*See* Doc. No. 580, at 7; *see also* Doc. No. 525, at 12 ¶¶ 49–51.) Clayton had prior convictions for drug trafficking, drug abuse, failure to comply with an order and/or signal of a police officer, drug possession with a firearm specification, and operating a vehicle without a valid license, which collectively scored 11 criminal history points. (*See* Doc. No. 580, at 7; *see also* Doc. No. 525, at 17–20 ¶¶ 64–65, 67, 72–74.) Because Clayton committed the instant offense while he was on

probation, he received 2 additional "status points" under § 4A1.1(d). (*See* Doc. No. 580, at 8; *see also* Doc. No. 525, at 20 ¶ 75.) With a total of 13 criminal history points, the guidelines dictated that he was a criminal history category VI. (*See* Doc. No. 580, at 8; *see also* Doc. No. 525, at 20 ¶ 76.) Additionally, because Clayton was a career offender, his criminal history category was automatically a category VI. (*See* Doc. No. 580, at 8; *see also* Doc. No. 525, at 20 ¶ 77.) The advisory guideline range at offense level 31, criminal history category VI, was 188 to 235 months. (*See* Doc. No. 580, at 8; *see also* Doc. No. 525, at 26 ¶ 109.) The Court, nevertheless, accepted the terms of the parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement and varied downward, sentencing Clayton to a term of imprisonment of 102 months, well below the advisory sentencing range. (Doc. No. 556; *see* Doc. No. 580, at 8, 24.)

A defendant who enters into a Rule 11(c)(1)(C) agreement is eligible for retroactive relief under § 3582(c)—so long as the guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 584 U.S. 675, 685, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). While Clayton's Rule 11(c)(1)(C) agreement may not preclude consideration under § 3582(c), Clayton is entitled to no relief because his applicable sentencing range has not "been lowered by the [Sentencing] Commission pursuant to 28 U.S.C. § 994(o)[.]" *See United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Under Part A of Amendment 821, Clayton's criminal history score is reduced by 1 to 12, which corresponds to a criminal history category V. But, by virtue of his status as a career offender, Clayton's criminal history category must still be VI, and his advisory sentencing guideline range remains 188 to 235 months. Because his guideline range is undisturbed by the Amendment, he is

3

ineligible for a reduction under Part A of Amendment 821. *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guideline range (citations omitted)).

Because the amended guidelines concerning status points would not have affected the calculation of Clayton's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Clayton is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 831) is DENIED.

**IT IS SO ORDERED**.

Dated: March 5, 2024

　　　　　　　　　　　　　　　　　　　　　　　_____
**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**